UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BODIE B. WITZLIB,

          Plaintiff,

   v.

WASHINGTON COUNTY,
JAMES MUEHLBAUER,
TODD MARTENS, and
UNKNOWN COUNTY GOVERNMENT EMPLOYEES,

          Defendants.

Case No. 17-cv-1183-pp

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

      The plaintiff, representing himself, has filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights under the First, Fifth and Fourteenth Amendments when they denied his motion to change his name. Dkt. No. 4. He also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order grants the motion for leave to proceed without prepaying the filing fee, screens the complaint and dismisses it for failure to state a claim.

**I.    Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

      "Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees' . . . ." Rosas v. Roman Catholic Archdiocese of Chi., 748 Fed. App'x 64, 65 (7th Cir. 2019). The plaintiff's

1

request to proceed without prepaying the filing fee indicated that at the time he filed the complaint, he was not employed, that he had cash income from "odd jobs from internet resources" that varied, that he paid an unspecified amount of rent and had other expenses of $900 a month, that he had two older cars both valued at $500 or less, that he had only $150 in his bank account, that he was in debt and that he had no other assets. Dkt. No. 2. The court concludes that at the time he filed the complaint, the plaintiff did not have the funds to prepay the $350 filing fee and the $50 administrative fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). The plaintiff must pay the $350 filing fee as he is able.

**II.     Screening the Complaint**

In any case in which the court grants a plaintiff's request to proceed without prepaying the filing fee, the court "shall" dismiss the case "at any time" if it determines that the case is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d

714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

3

Case 2:17-cv-01183-PP   Filed 08/17/20   Page 3 of 13   Document 5

A. Facts[1]

The plaintiff asserts that on January 18, 2017, he filed a petition for a name change with the clerk of court for Washington County, Wisconsin. Dkt. No. 4 at ¶1. He says that he paid the filing fee, that the court opened a case (2017CV40) and that a hearing was scheduled for March 6, 2017. Id. The plaintiff explains that "pursuant to state law for name change procedure," he published the name change documents in the local newspaper. Id. at ¶2. He asserts, however, that at the March 6, 2017 hearing, defendant James Muehlbauer denied his request. Id. The plaintiff says that he was seeking to change his name to "Burt Weener." Id. at ¶9. He says that the name "Burt Weener" "can . . . be construed as an obvious pun;" he indicates that "Burt" is a pun for "Burnt" and that "Weener" is a pun "for the male sex organ or penis." Id. at ¶10. The plaintiff indicates that this is "an obvious reference to the state of the plaintiff's health." Id. He alleges that in denying his name change, the defendants were "attempting to cover up the fact that plaintiff is carrying an infectious disease and are putting the public health at risk by forcing plaintiff to keep this information disclosed when he has a legal right to disclose this information under the United States and Wisconsin Constitutions through freedom of speech." Id. at ¶11.

---

[1] The plaintiff filed his complaint on August 30, 2017. Dkt. No. 1. He filed an amended complaint the following day. Dkt. No. 4. Because the amended complaint supersedes the original complaint, Riley v. Elkhart Community Schools, 829 F.3d 886, 890 (7th Cir. 2016), the court has taken the facts from the amended complaint.

4

The plaintiff also asserts that "his current name is of a religious affiliation which is not the plaintiff's religion." Id. at ¶6. He claims that by denying him the ability to change that name, the defendants essentially were forcing him to live "under a religious name contrary to his religious beliefs." Id.

The plaintiff alleges that at the May 6, 2017 hearing, Muehlbauer "specifically stated . . . that the reason plaintiff was being denied name change was due to his past criminal offenses." Id. at ¶14. He alleges that Wisconsin law does not prohibit someone with a criminal conviction from changing his name, and that the defendants "abused their discretion" in denying his request. Id. at ¶8.

The plaintiff asserts that the defendants conspired with each other to violate his rights because they

> have knowledge that plaintiff is carrying an infectious disease because they are members of a cult which functions within the Washington County Governmental Institution which includes several members of a masonic cult and also local doctors and public health officials. Defendants' fear plaintiff will expose their corrupt cult and execute a sizeable lawsuit against them, against Washington County, and against corrupt entities within the county government if plaintiff's infectious disease is diagnosed or comes to light. Other individuals who have been infected by plaintiff, caused by the Washington County Governmental Institutions active cover up of facts, may also have cases against the corrupt governmental entities and cult members involved in the cover up who have orchestrated the cover up of plaintiff's true health condition. For this reason, Muehlbauer, and the defendants named in the caption, all active members of the Washington County cult, are conspiring to deny and deprive plaintiff of his constitutional right to change his name, which ultimately discloses his health condition publicly, and are denying him freedom and depriving him of constitutionally protected liberties.

Id. at ¶21.

5

Case 2:17-cv-01183-PP   Filed 08/17/20   Page 5 of 13   Document 5

B. <u>Analysis</u>

The plaintiff has sued Washington County, Wisconsin; James Muehlbauer; Todd Martens and unknown Washington County government public officials. Dkt. No. 4 at 1. The plaintiff alleges that the defendants have denied him his right to free speech and religious freedom in violation of the First Amendment, that the denial of the name change punishes him twice for the same offenses in violation of the Double Jeopardy Clause of the Fifth Amendment and that the defendants have conspired against him in violation of 42 U.S.C. §1985(3) and 18 U.S.C. §§241 and 242. He seeks nominal and punitive damages, as well as costs and fees.

1. *18 U.S.C. §§241 and 242*

The plaintiff cannot sue under 18 U.S.C. §§241 and 242. These are *criminal* statutes—§241 criminalizes conspiracy to deprive a person of his constitutional rights, and §242 imposes criminal penalties on anyone acting under color of law who deprives someone of his constitutional rights "on account such person being an alien, or by reason of his color, or race . . . ." "'It is a truism' long recognized by federal courts 'that in our federal system crimes are always prosecuted by the Federal Government,' not by private complaints." <u>Dourlain v. Commissioner of Taxation and Finance</u>, 133 F. App'x 765, 766 (7th Cir. 2005) (quoting <u>Conn. Action Now, Inc. v. Roberts Plating Co.</u>, 457 F.2d 81, 86-87 (2d Cir. 1972)). For a court to "conclude otherwise, a party must show that Congress specifically intended to create a private right of action." <u>Id.</u> The plaintiff has not demonstrated that Congress specifically intended private

citizens to be able to sue under these criminal statutes. In fact, Congress has created a *civil* statute to allow private citizens to sue for violations of their civil rights—it is 42 U.S.C. §1983, and the plaintiff has sued under §1983. He has no right to proceed against anyone under 18 U.S.C. §§241 or 242.

   2.   *42 U.S.C. §1985*

Nor may the plaintiff proceed against any of the defendants under 42 U.S.C. §1985(3). "The function of § 1985(3) is to permit recovery from a private actor who has conspired with state actors." Fairley v. Andrews, 578 F.3d 518, 526 (7th Cir. 2009) (citations omitted). The plaintiff has not identified any private actors among the defendants.

   3.   *Federal constitutional claims*

      a.   Muehlbauer

The plaintiff asserts that defendant Muehlbauer was the person who denied his request for a name change. The plaintiff does not explain who Muehlbauer is, but a review of the public docket on the Wisconsin Circuit Court Access Program indicates that James K. Muehlbauer was the judge who presided over the plaintiff's request for a name change. In re: the Name Change of Bodie Byron Witzlib, Case No. 2017CV000040 (Washington County Circuit Court) (available at https://wcca.wicourts.gov).

"A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011) (citations omitted). "[T]he necessary inquiry in determine whether a defendant judge is immune from suit is whether at the time he took the

7

challenged action he had jurisdiction over the subject matter before him," and "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356 (1978). "A judge will not be deprived of his immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). "In assessing whether a defendant is entitled to judicial immunity, the court considers [whether the judge's action was] '"a function normally performed by a judge" and the "expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity"' and 'whether the act "involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge."'" Johnston v. McGinnis, No. 20-C-810, 2020 WL 4057424, at *2 (E.D. Wis. July 20, 2020) (quoting Kowalski v. Boliker, 893 F.3d 987, 998 (7th Cir. 2018)).

As a Washington County Circuit Court judge, defendant Muehlbauer had jurisdiction over the plaintiff's petition for a name change. See Wis. Stat. §786.36 (allowing a resident of the state to "petition the circuit court of the county where he or she resides" for a name change). The denial of a petition for a name change is a function normally performed by a judge and is an act that involves the exercise of discretion and judgment. Defendant Muehlbauer is entitled to absolute immunity for his actions in denying the plaintiff's name change. The court will dismiss Muehlbauer as a defendant.

8

Case 2:17-cv-01183-PP    Filed 08/17/20    Page 8 of 13    Document 5

b.  *Todd Martens*

Although the plaintiff named Todd Martens as a defendant, he does not explain who Martens is or describe anything that Martens did to allegedly violate his rights. "'[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.' *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (citation and internal quotation marks omitted)." Colbert v. City of Chi., 851 F.3d 649, 657 (7th[th] Cir. 2017). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." Id. (citing Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983)). The plaintiff has not alleged that Todd Martens, whoever he is, was personally involved in the denial of his name-change petition. The court will dismiss Martes as a defendant.

c.  *Washington County*

Section 1983 allows a plaintiff to sue a "person" who, acting under color of state law, violates his civil rights. Washington County is not a person—it is a governmental entity. The Supreme Court held in Monnell v. Dep't of Soc. Serv's of City of New York, 436 U.S. 658, 690 (1978), however, that a local government—such as a county—could be "sued directly under § 1983 for . . . relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." A county also may be liable under §1983 if the constitutional violation resulted from a "custom," "even

9

though such a custom has not received formal approval through the body's official decisionmaking channels." Id. at 691.

The plaintiff has not alleged that it was a policy, ordinance, regulation, practice or custom for Washington County to deny name-change petitions. He has not alleged sufficient facts to allow him to proceed against Washington County, and the court will dismiss the County as a defendant.

        d.    *Doe defendants*

The plaintiff says that "unknown" Washington County officials violated his constitutional rights. He does not provide any further descriptions of these unknown individuals.

Even if the plaintiff had further described the Doe defendants, the plaintiff has not stated claims for which a federal court may grant relief. The plaintiff says that by denying his petition to change his name, the defendants violated his right to freely exercise his religion under the First Amendment. The First Amendment prohibits Congress from making any law "prohibiting the free exercise" of religion, and it has been applied to the states through the Fourteenth Amendment. See Cantwell v. Connecticut, 210 U.S. 296, 303 (1940). "The Free Exercise Clause prohibits the government from 'pla[cing] a substantial burden on the observation of a central religious belief or practice' without first demonstrating that a 'compelling government interest justifies the burden.'" St. John's United Church of Christ v. City of Chi., 502 F.3d 616, 631 (7th Cir. 2007) (quoting Hernandez v. C.I.R., 490 U.S. 680, 699 (1989)).

The plaintiff says that the name he currently bears "is of a religious affiliation which is not the plaintiff's religion." Dkt. No. 4 at ¶6. He says that by denying him the right to change that name, the defendants have violated his religious liberty. Id. He does not explain with which religion he believes the name "Bodie Witzlib" is affiliated. He does not indicate what religious faith he practices. He has not explained what tenet of his religious faith is violated by his name. The government—the defendants—did not place the burden of the plaintiff's name on him. The plaintiff has not alleged a violation of the Free Exercise Clause.

Nor has he alleged a violation of his right to free speech under the First Amendment. "The Free Speech Clause [of the First Amendment] restricts government regulation of private speech . . . ." Pleasant Grove City, Utah v. Summum, 555 U.S. 460, 467 (2009)). The plaintiff has not alleged that any of the defendants restricted his private speech. He appears to assert that he has a right to tell the world that he has an infectious disease (the court assumes that it is a sexually transmitted disease) and that the only way he has of doing that is by changing is name to one that he asserts is an "obvious" pun. Setting aside the question of whether anyone other than the plaintiff would understand the name "Burt Weener" to be a reference to a sexually transmitted disease, the plaintiff does not allege that the defendants prevented him from simply telling people that he has an STD, or wearing a sign around his neck saying as much, or putting an ad in the newspaper. Nothing in the plaintiff's allegations comes close to asserting governmental action that regulated his private speech.

Finally, the plaintiff has not asserted a violation of the Double Jeopardy Clause of the Fifth Amendment. "The Double Jeopardy Clause provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" Boyd v . Boughton, 798 F.3d 490, 493 (7th Cir. 2015) (quoting U.S. Const. amend. V). While "[j]eopardy denotes risk," the Supreme Court has held that "the risk to which the [Double Jeopardy] Clause refers is not present in proceedings that are not 'essentially criminal.'" Breed v. Jones, 421 U.S. 519, 528 (1975) (quoting Helvering v. Mitchell, 303 U.S. 391, 398 (1938)). The denial of a name-change petition is a civil proceeding, and is not "essentially criminal." Even if, as the plaintiff alleges, Judge Muehlbauer denied the name-change petition because the plaintiff had previously been convicted of crimes, that denial did not put him at risk for criminal punishment a second time.

The plaintiff has not stated claims against any of the defendants for which the court may grant relief.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The plaintiff must pay the $350 filing fee as he is able.

The court **ORDERS** that the complaint is **DISMISSED** for failure to state a claim upon which a federal court may grant relief. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by

filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of August, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**